No. **CR 08 00938 JW** PVT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*SAN JOSE DIVISION*

### THE UNITED STATES OF AMERICA

vs.

**CHRISTIAN PANTAGES**
and
**JAMIE HARMON**

~~SEALED BY ORDER OF THE COURT~~

FILED
2008 DEC 31 P 12: 51
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

## INDICTMENT

**COUNT ONE:** Title 18, United States Code, § 371 - Conspiracy to Buy Stolen Goods Constituting an Interstate Shipment;

**COUNT TWO:** Title 18, United States Code, § 1956(h) - Conspiracy to Launder Monetary Instruments;

**COUNTS THREE THROUGH SEVEN:** Title 18: U.S.C. § 1956(a)(1)(B)(I) - Laundering of Monetary Instruments.

*A true bill.*

_____
Ramona Wills
*Foreperson*

DOCUMENT NO. 1    CSA's INITIALS
DISTRICT COURT
CRIMINAL CASE PROCESSING

*Filed in open court this* __30th__ *day of* __December__

*A.D. 200*__8__

_____
*United States Magistrate Judge*

*Bail. $* NO BAIL WARRANTS FOR BOTH DEFENDANTS

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

FILED

2008 DEC 31  P 12: 57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

SEALED BY ORDER
OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-08 00938 JW |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371–Conspiracy to Buy Stolen Goods Constituting an Interstate Shipment; 18 U.S.C. § 1956(h)– Conspiracy to Commit Money Laundering; 18 U.S.C. § 1956(A)(i)(b)(i)- Engaging in Monetary Transaction in Criminally Derived Property; 18 U.S.C. § 2–Aiding and Abetting |
| v. | |
| CHRISTIAN PANTAGES, and JAMIE HARMON, | |
| Defendants. | |

SAN JOSE VENUE

INDICTMENT

The Grand Jury charges:

BACKGROUND

At all times relevant to this Indictment:

1. During the period from September 1, 2003 to December 31, 2003 Defendant Christian Pantages was doing business as Silicon Valley Resale ("SVR"), 2526 Seaboard Ave., San Jose, CA, and shared control of this entity with Yan Ebyam.

2. Defendant Christian Pantages and Yan Ebyam bought and sold computer equipment under the business name of "SVR."

3. During the period from September 25, 2003 to December 25, 2003 Defendant

INDICTMENT

Christian Pantages was an "authorized signer" for Bank of America account #12629-06802 that was maintained in the name of "SVR."

    4.    Watkins Motor Lines ("Watkins") was a transport business with a facility in San Jose, California. Watkins engaged in the interstate transport of goods.

COUNT ONE:    (18 U.S.C. §§ 371 - Conspiracy to Buy Stolen Goods Constituting An Interstate Shipment)

    5.    The factual allegations in paragraphs 1 through 4 are re-alleged and incorporated herein as if set forth in full.

    6.    Beginning on a date unknown, but by no later than in or about September 1, 2003, and continuing to on or about December 31, 2003, in the Northern District of California and elsewhere, the defendant,

CHRISTIAN PANTAGES,

and others known and unknown to the Grand Jury, did knowingly combine, conspire, and agree with each other to commit offenses against the United States, that is, the defendant and others, conspired to unlawfully buy stolen goods being shipped by an interstate freight carrier, namely Watkins Motor Lines, in violation of Title 18, United States Code, Section 659.

MANNER AND MEANS OF THE CONSPIRACY

    7.    It was part of the conspiracy that the defendant Christian Pantages and Yan Ebyam purchased "high-tech" equipment that they knew had been stolen from Watkins.

    8.    It was further part of the conspiracy that defendant Christian Pantages assisted in the repackaging of the stolen "high-tech" equipment into unmarked plain white shipping cartons before it was resold it to other persons and businesses under the guise of SVR.

    9.    It was further part of the conspiracy that the defendant Christian Pantages, in an attempt to conceal the source of the stolen "high-tech" equipment, generated large sums of currency by conducting numerous cash withdrawals of funds from Bank of America Account No.12629-0680.

OVERT ACTS

    10.    In furtherance of the conspiracy, and to achieve its objects, defendant Christian Pantages committed the following overt acts, among others, in the Northern District of California

INDICTMENT                                               2

and elsewhere:

    a.    On October 2, 2003, defendant Christian PANTAGES sent an "e-mail" to Lumarc Computer in Rochester, New York, directing Lumarc Computer to change the name on their purchase order to SVR's partner Coastside Networking.

    b.    On November 4, 2003, defendant Christian PANTAGES cashed a $9,750.00 check from Lumarc Computer at the ECL Market located in Santa Clara, California..

    c.    On or about November 12, 2003, defendant Christian Pantages endorsed both a $13,000.00 AtlanTech Resellers' check and a $4,300.00 Coastside Networking check and deposited these checks to SVR's account located at the Bank of America.

    d.    On or about November 14, 2003, defendant Christian Pantages issued SVR check #1387 payable to himself in the amount of $3,350.00.

    e.    On or about November 15, 2003, defendant Christian Pantages issued SVR check #1388 payable to Andrea Harry in the amount of $10,000.00.

    f.    On or about December 3, 2003, defendant Christian Pantages endorsed a $65,000.00 check from Atlantix Global Systems that was made payable to SVR and deposited it to SVR's account located at the Bank of America.

    g.    On or about December 10, 2003, defendant Christian Pantages endorsed a $47,500.00 check from Lumarc Computer Corp. that was made payable to "SVR" and deposited it to SVR's account located at the Bank of America.

    h.    On December 10, 2003, defendant Christian Pantages made six (6) separate cash withdrawals from SVR's account located at the Bank of America, totaling $71,000.00 from six (6) different branches of the Bank of America.

    i.    On December 19, 2003, defendant Christian Pantages made a $110,000.00 cash withdrawal from SVR's account located at the Bank of America.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: (18 U.S.C. § 1956(h) Conspiracy to Launder Monetary Instruments)
The factual allegations in paragraphs 1 through 4 are re-alleged and incorporated herein as if set forth.

INDICTMENT        3

11. On or about and between December 20, 2003 and March 2, 2004, in the County of Santa Clara, in the Northern District of California, and elsewhere, defendants,

CHRISTIAN PANTAGES,

and

JAMIE HARMON,

and others known and unknown to the Grand Jury, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, theft from interstate shipments by a common carrier, in violation of Title 18, United States Code, Section 659, knowing that the transactions were designed at least in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## OVERT ACTS

12. In furtherance of the conspiracy, and to achieve its objects, defendants Christian Pantages, and Jamie Harmon committed the following overt acts, among others, in the Northern District of California and elsewhere:

    a. On or about December 23, 2003, defendant Christian Pantages signed for a FedEx envelope that was addressed to "Yan Ebyam" from Alta Tech.

    b. On or about December 23, 2003, defendant Pantages caused his wife, Ingrid Pantages (Harry) to sign for a FedEx envelope that was addressed to "Yan Ebyam" from Technology Development Center ("TDC").

    c. On or about December 23, 2003, defendant Christian Pantages endorsed both Alta Tech check #024658 ($42,300.00) and U.S. Bank cashier's check #511773210 ($85,250.00) purchased by "TDC" and made them "Pay to the Order of Jamie Harmon."

    d. On or about December 24, 2003, defendant Jamie Harmon deposited Alta Tech #024658 and U.S. Bank cashier's check #511773210 into South Valley National Bank

INDICTMENT 4

("SVNB") account #51043-040 (Law Office of Jamie Harmon Attorney-Client Trust account).

    e.    On or about December 30, 2003, defendant Jamie Harmon issued a $15,000.00 check (#1111) from her "Trust Account (SVNB account #51043-040) that was made payable to "Ingrid Harry".

    f.    On or about December 30, 2003, defendant Pantages caused his wife, Ingrid Pantages (Harry) to endorse SVNB check #1111 and deposit it into Bank of America account #01755-17273; this account was maintained in the name of "Ingrid Harry."

    g.    On or about January 7, 2004, defendant Jamie Harmon directed three consecutively numbered $10,000.00 checks (#1112, 1113 & 1114) to be issued from her Trust Account (SVNB account #51043-040).

    h.    On or about January 9, 2004, defendant Pantages caused his wife, Ingrid Pantages(Harry) to endorse SVNB check numbers 1112, 1113 and 1114 and deposit them into Bank of America account #01755-17273; this account was maintained in the name of "Ingrid Harry".

    i.    On or about February 4, 2004, defendant Jamie Harmon wrote a $54,050.00 check (#1120) from her "Trust Account" (SVNB account #511773210 payable to "Christian Pantages."

    j.    On or about February 5, 2004, SVNB check #1120 was endorsed by defendant Christian Pantages and then used to obtain $4,010.00 in cash and purchase five (5) consecutively numbered $10,000.00 SVNB Official Checks (check numbers 284355805, 284355806, 284355807, 284355808, and 284355809); these Official Checks were all purchased by the "Law Offices of Jamie Harmon" and made payable to "Ingrid Harry."

    k.    On or about February 5, 2004, defendant Ingrid Pantages (Harry) endorsed SVNB "Official Check" numbers 284355807 and 284355808, and deposited these two "Official Checks into Bank of America account #0175-17273; when making this deposit Ingrid Pantages received cash back" of $10,000.00.

    l.    On or about February 6, 2004, defendant Pantages caused his wife, Ingrid Pantages (Harry) to endorse and "cashed" SVNB Official Check #284355806.

INDICTMENT                            5

m. On or about February 17, 2004, defendant Pantages caused his wife, Ingrid Pantages (Harry) to endorse SVNB Official Checks #284355809 and deposit it into her Bank of America account #0175-17273.

n. On or about March 1, 2004, defendant Ingrid Pantages (Harry) endorsed "SVNB" Official Check number 284355805 and deposited it into Bank of the West account #008-125104, jointly maintained in the names of Ingrid & Christian Pantages.

<u>COUNTS THREE THROUGH SEVEN</u>: (18 U.S.C. § 1956(A)(i)(b)(i)–Laundering of Monetary Instruments)

The factual allegations contained in paragraphs 1 through 12 of this Indictment are realleged as though set forth herein.

13. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

JAMIE HARMON,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce as described below which involved the proceeds of a specified unlawful activity, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such a transaction, knew that the property involved in the financial transactions that is funds and monetary instruments, represented the proceeds of some form of unlawful activity.

| Count | Date | Financial Transaction | Amount |
|---|---|---|---|
| 3 | January 7, 2004 | Issued Check #1112 from Silicon Valley National Bank Acct. #51043-040 payable to Ingrid Harry | $10,000 |
| 4 | January 7, 2004 | Issued Check #1113 from Silicon Valley National Bank Acct. #51043-040 payable to Ingrid Harry | $10,000 |

INDICTMENT 6

| | | | |
|---|---|---|---|
| 5 | January 7, 2004 | Issued Check #1114 from Silicon Valley National Bank Acct. #51043-040 payable to Ingrid Harry | $10,000 |
| 6 | January 7, 2004 | Issued Check #1115 from Silicon Valley National Bank Acct. #51043-040 payable to Ingrid Harry | $ 3,000 |
| 7 | February 4, 2004 | Issued Check #1120 from Silicon Valley National Bank Acct. #51043-040 payable to Christian Pantages | $54,050 |

All in violation of Title 18, United States Code, Sections 1956(A)(1)(b)(i) and 2.

DATED: 12/31/08

A TRUE BILL.

*/s/ Ramona Wills*
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/*
MATTHEW A. PARRELLA
Chief, San Jose Branch Office

(Approved as to form: */s/* )
      For AUSA RICHARD CHENG

INDICTMENT                              7

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Count 1- 18 USC § 371-Conspiracy to Buy Stolen Goods Constituting an Interstate Shipment;
Count 2- 18 USC § 1956(h) - Conspiracy to Launder Monetary Instruments;
Counts Three through Seven 18 USC § 1956(a)(1)(B)(I)- Laundering of Monetary Instruments

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

SEALED BY ORDER OF THE COURT

CR-08 00938 JW PVT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED 2008 DEC 31 P 12: 51
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

DEFENDANT - U.S.
▶ JAMIE HARMON
DISTRICT COURT NUMBER

DEFENDANT

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Special Agent Anthony Gregory - ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSPEH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    RICHARD CHENG

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                Before Judge:

Comments:

Defendants:
  Christian PANTAGES
  Jamie HARMON

Maximum Penalties:

**Count 1:**  18 U.S.C. § 371 <u>Conspiracy To Buy Stolen Goods Constituting an Interstate Shipment</u>

  Class D Felony

  A. Five years custody
  B. $250,000 fine
  C. 3 years supervised release
  D. $100 mandatory special assessment

**Count 2:**  18 U.S.C. § 1956(h) - <u>Conspiracy to Launder Monetary Instruments</u>

  Class C Felony

  A. Ten years custody
  B. $250,000 fine (or twice the amount of the criminally derived property involved in the transaction)
  C. 3 years supervised release
  D. $100 mandatory special assessment

**Counts 3 - 7:** 18 U.S.C. § 1956(a)1(B)(i) - <u>Laundering of Monetary Instruments</u>

  Class B Felony

  A. Twenty years custody
  B. $500,000 fine (or twice the amount of the criminally derived property involved in the transaction)
  C. 5 years supervised release
  D. $100 mandatory special assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Count 1- 18 USC § 371-Conspiracy to Buy Stolen Goods Constituting an Interstate Shipment;
Count 2- 18 USC § 1956(h) - Conspiracy to Launder Monetary Instruments;
Counts Three through Seven 18 USC § 1956(a)(1)(B)(I)- Laundering of Monetary Instruments

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED 2008 DEC 31 P 12:59
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

**DEFENDANT - U.S.**
▶ CHRISTIAN PANTAGES

DISTRICT COURT NUMBER
CR-08 00938 JW PVT

SEALED BY ORDER OF THE COURT

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Special Agent Anthony Gregory - ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSPEH P. RUSSONIELLO
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    RICHARD CHENG

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:            Before Judge:

Comments:

Defendants:
    Christian PANTAGES
    Jamie HARMON

Maximum Penalties:

**Count 1:**    18 U.S.C. § 371 Conspiracy To Buy Stolen Goods Constituting an Interstate Shipment

    Class D Felony

    A.    Five years custody
    B.    $250,000 fine
    C.    3 years supervised release
    D.    $100 mandatory special assessment

**Count 2:**    18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary Instruments

    Class C Felony

    A.    Ten years custody
    B.    $250,000 fine (or twice the amount of the criminally derived property involved in the transaction)
    C.    3 years supervised release
    D.    $100 mandatory special assessment

**Counts 3 - 7:** 18 U.S.C. § 1956(a)1(B)(i) - Laundering of Monetary Instruments

    Class B Felony

    A.    Twenty years custody
    B.    $500,000 fine (or twice the amount of the criminally derived property involved in the transaction)
    C.    5 years supervised release
    D.    $100 mandatory special assessment